IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIAN DELAUTER,                            )
                                           )
    Plaintiff,                         )
                                           )       NO. 3:20-cv-00609
v.                                         )       JUDGE RICHARDSON
                                           )
THE NISSAN SUPPLEMENTAL                     )
EXECUTIVE RETIREMENT PLAN II                )
and NISSAN NORTH AMERICA,                   )
INC.,                                      )
                                           )
    Defendants.                        )

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Convert Defendants' Motion to Dismiss into a Motion for Summary Judgment and to Stay Decision on Defendants' Motion until [Plaintiff] has a Reasonable Opportunity for Discovery. (Doc. No. 39, "Motion to Convert").[1] Defendants have responded. (Doc. No. 46). Plaintiff has replied. (Doc. No. 50). The Motion is ripe for review.

For the reasons discussed herein, the Court will deny the Motion to convert.

---

[1] Also pending, but not ruled upon herein, is Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) (Doc. No. 35, "Motion to Dismiss"). After filing the Motion to Convert, Plaintiff filed an unopposed motion to stay (briefing on) the Motion to Dismiss (Doc. No. 41), which was granted pending the resolution of the Motion to Convert (Doc. No. 42). For this reason, Plaintiff has not yet responded to the Motion to Dismiss. The original Memorandum in Support of the Motion to Dismiss (Doc. No. 36) was withdrawn and refiled pursuant to an order from the Magistrate Judge ruling on a joint motion to withdraw. (Doc. Nos. 38, 43). The operative Memorandum in Support of the Motion to Dismiss is found at Docket Number 45. The exhibits attached to the original Memorandum in Support of the Motion to Dismiss were not refiled with the Memorandum, and they are found at Docket Numbers 36-1 and 36-2.

    One result of all of this is that, as the reader will note below, the Motion to Convert (Doc. No. 40) bears a docket number lower (earlier) than the operative memorandum in support of the Motion to Dismiss (Doc. No. 43) to which (along with the Motion to Dismiss itself) the Motion to Convert is reacting. This seems counterintuitive until one grasps that the Motion to Convert was filed after the original memorandum was filed by Defendants.

1

## BACKGROUND

Plaintiff, a former executive for Defendant Nissan, has brought this lawsuit because he has not received retirement account benefits under the Nissan Supplemental Executive Retirement Plan II ("Plan") to which he believes he is entitled. (Doc. No. 31). Plaintiff's Amended Complaint (Doc. No. 31)[2] brings counts for I) recovery of benefits, and II) breach of contract.

This matter is related to two other matters before this Court, *Vest v. The Nissan Supplemental Executive Retirement Plan II et al*, 3:19-cv-01021, and *Sullivan v. The Nissan Supplemental Executive Retirement Plan II et al*, 3:20-cv-00752.

## LEGAL STANDARD

Fed. R. Civ. P. 12(d) provides that if, on a motion under 12(b)(6) the Court considers matters outside the pleadings, the motion must instead be treated as one for summary judgment under Fed. R. Civ. P. 56. The rule further provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Whether or not to allow a conversion into a motion for summary judgment is within the district court's broad discretion. *Greve v. Bass*, No. 3:16-CV-372, 2017 WL 387203, at *2 (M.D. Tenn. Jan. 27, 2017); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) ("We review the district court's decision to convert a 12(b)(6) motion to dismiss into a motion for summary judgment for abuse of discretion."); *Graham v. City of Hopkinsville, Ky.*, No. 5:12-CV-23, 2012 WL 4483866, at *2 (W.D. Ky. Sept. 28, 2012).

Absent conversion to a motion for summary judgment, Fed. R. Civ. P. 56(d) "does not apply to motions to dismiss for failure to state a claim." *Corl v. Kenan Advantage Grp. Inc.*, No.

---

[2] The Amended Complaint is the operative complaint in this matter. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

3:20-CV-00503, 2020 WL 7694967, at *4 (M.D. Tenn. Dec. 28, 2020) (Richardson, J.). In *Corl*, the Court found that:

> Even if Plaintiffs are not relying on Rule 56 as the Court believes they are, the Court would not allow discovery at this stage. The problem for Plaintiff is not just that Rule 56(d) does not support additional discovery for the purpose of responding to a Rule 12(b)(6) motion to dismiss, but also that no other legal principles do, either; quite the contrary, because "a plaintiff is generally not entitled to discovery before a motion to dismiss has been decided, and allowing such discovery undermines the purpose of Federal Rule of Civil Procedure 12(b)(6), which is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Greve v. Bass*, No. 3:16-CV-372, 2017 WL 387203, at *2 (M.D. Tenn. Jan. 27, 2017) (denying a plaintiff's motion to take discovery before responding to a motion to dismiss) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)).

*Id.* at *4 n.5.[3] Therefore, if the Court does not to convert the Motion to Dismiss into a motion for summary judgment, it would be inappropriate to order additional discovery for the particular purpose of allowing Plaintiff to respond to the Motion to Dismiss.[4]

## DISCUSSION

Plaintiff brings the Motion to Convert pursuant to Fed. R. Civ. P. 12(d) and 56(d). (Doc. No. 40 at 2-3). In the Motion to Dismiss, Defendants argue that Plaintiff has failed to exhaust all of his administrative remedies under the Plan and under the Employee Retirement Income Security Act of 1974 ("ERISA").[5] (Doc. No. 45 at 11). Plaintiff argues that the Plan lacks reasonable

---

[3] Despite making these comments in *Corl*, the Court realizes full well that although a plaintiff is not *entitled* to discovery at this stage, a plaintiff may be (and in appropriate circumstances will be) *allowed* discovery at this stage in the Court's discretion.

[4] The Court takes no position on whether Plaintiff should be allowed to take discovery for some other purpose(s) or reason(s).

[5] The parties both seem to agree that the Plan is an ERISA "plan." Neither party indicates whether the Plan is, more specifically, an ERISA *top hat* plan. In previously ruling on a Motion to Dismiss in the related case *Vest*, the Court noted that if the type of plan is material or contested, the parties should thoroughly brief their arguments regarding what type of plan is before the Court. (3:19-cv-

procedures and that his claim therefore should be deemed exhausted.[6] (Doc. No. 40). In order to show that the Plan lacks reasonable procedures, Plaintiff contends that he needs discovery on three issues: 1) whether Defendants had "reasonable" procedures for filing benefits claims (such as the identity of the Claims Official and what information participants had when Plaintiff filed his claim about the identity of the Claims Official);[7] 2) whether Defendants' procedures were administered in such a way that they unduly inhibited or hampered the initiation or processing of claims for benefits (including discovery on what specific individuals did with Plaintiff's emails and phone calls asking what to do to initiate his claim for benefits); 3) whether the procedures were administered consistently for similarly situated claimants. (*Id.* at 1-2).

Plaintiff argues that failure to exhaust is an affirmative defense better analyzed on a motion for summary judgment, and so the Motion to Dismiss should be converted. (*Id.*). It is true that affirmative defenses are typically more proper on a motion for summary judgment than a motion to dismiss under 12(b)(6). *Middleton v. United Church of Christ Bd.*, 483 F. Supp. 3d 489, 496 (N.D. Ohio 2020). And although the Sixth Circuit has not yet ruled on the issue, some district courts in this circuit have found that failure to exhaust under ERISA is an affirmative defense (and therefore better considered on a motion for summary judgment). *Beamon v. Assurant Emp.*

---

01021, Doc. No. 34 at 11). It would behoove the parties to do so here to the extent necessary to convey their respective positions on the Motion to Dismiss.

[6] Defendants argue that Plaintiff has not alleged that Defendants failed to implement reasonable procedures for filing a claim and that Plaintiff should not be able to raise a new argument in response to Defendants' Motion to Dismiss. (Doc. No. 46 at 4). Since Plaintiff has not yet filed his response to the Motion to Dismiss, the Court will refrain from ruling at this time regarding what arguments he can make therein, and instead limit its review to whether the Motion to Dismiss should be converted and whether discovery is appropriate.

[7] Defendants note that this request is strange inasmuch as Plaintiff has pled that he presented his written claim to the Claims Official, indicating that he knows who the Claims Official is. (Doc. No. 46 at 9-10).

4

*Benefits*, 917 F. Supp. 2d 662, 666 (W.D. Mich. 2013); *Select Specialty Hosp.-Memphis, Inc. v. Trustees of Langston Companies, Inc.*, No. 2:19-CV-2654-JPM-TMP, 2020 WL 4275264, at *12 (W.D. Tenn. July 24, 2020). However, as an exception to the general rule, when an affirmative defense appears on the face of the complaint, a court can properly consider it on a 12(b)(6) motion to dismiss. *Select Specialty Hosp.-Memphis, Inc.*, 2020 WL 4275264, at *12.

Without much explanation, Plaintiff argues that failure to exhaust is not apparent on the face of his Amended Complaint. (Doc. No. 40 at 2). Defendants respond that Plaintiff's failure to exhaust his administrative remedies is apparent from the face of the Amended Complaint. (Doc. No. 46 at 4). The Amended Complaint contains a section regarding Plaintiff's exhaustion of remedies under the Plan. (Doc. No. 31 at 3-5). Attached to the Amended Complaint are exhibits with the emails between Plaintiff and various individuals regarding the Plan and receiving his SERP payments. (*Id.* at 33-46).

Without commenting on the *substance* of the parties' arguments regarding exhaustion, the Court will make a consequential finding regarding the *nature* of Defendants' argument regarding exhaustion. That is, the Court finds that Defendants' argument is that Plaintiff's failure to exhaust his administrative remedies is apparent from the face of the Amended Complaint (including the attachments thereto), *i.e.*, that based exclusively on the content of the Amended Complaint and accepting such content as true, the Court should find that Plaintiff failed to exhaust his administrative remedies. *See e.g.*, *Beamon*, 917 F. Supp. 2d at 666 (finding lack of exhaustion on the face of the complaint when "unconventional" complaint contained only two letters, one from the plaintiff and one from a representative of defendant); *Thompson v. Hendrickson USA, LLC*, No. 3:20-CV-00482, 2021 WL 848694, at *6 n.10 (M.D. Tenn. Mar. 5, 2021) (Richardson, J.) ("Defendant is arguing here that Plaintiff's failure to take certain actions within the relevant

timeframes is clear from the face of the Complaint and the documents referenced in the Complaint. The Court therefore is unpersuaded that it should convert the Motion to a motion for summary judgment on this exhaustion-related theory, even assuming the theory were appropriately applied to this case."). As noted, Plaintiff includes a section regarding exhaustion in his Amended Complaint and attaches emails pertaining (in part) to whether he exhausted his administrative remedies. (Doc. No. 31). Defendants' Motion to Dismiss argues *based solely on what is contained in the Amended Complaint and its attachments*, that Plaintiff failed to exhaust his administrative remedies.

The only new evidence offered in support of the Motion to Dismiss is one email (Doc. No. 36-1) and a letter to Plaintiff's Counsel (Doc. No. 36-2), each of which was referenced in the Amended Complaint, (Doc. No. 31 at 7; *id.* at 1 n.1), but omitted from the attachments thereto. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Thompson*, 2021 WL 848694, at *6-7; *Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018); *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 400 (6th Cir. 2012). Each of two additional documents offered by Defendants appear to fit this bill and thus is appropriate for the Court to consider on the Motion to Dismiss, especially since

6

there appears to be no dispute regarding the authenticity, validity, or enforceability of the documents.[8]

In short, the Court finds that Defendants' Motion to Dismiss, which is grounded on Plaintiff's alleged failure to exhaust administrative remedies, is properly based exclusively on the allegations of the Amended Complaint (and documents referred to therein). Thus, the Court will exercise its broad discretion not to convert the pending Motion to Dismiss into a motion for summary judgment. Accordingly, and as indicated above, the Court will not allow discovery for the specific (unnecessary) purpose of enabling Plaintiff to respond to the (unconverted) Motion to Dismiss. As further suggested above, the Court also does not reach any other issues regarding discovery, including the general issue briefed by the parties of whether discovery ever will be appropriate in this case or whether the Court will be confined to the administrative record.

## CONCLUSION

For the reasons discussed, the Motion is **DENIED**. Plaintiff is directed to file its Response to the pending Motion to Dismiss by May 3, 2021. Defendants are directed to file their optional Reply by May 17, 2021.

---

[8] Defendants also cite the Court to the Department of Labor guidelines, which the Court can consider on a motion to dismiss. (Doc. No. 45 at 16); *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397 (6th Cir. 2008), *as amended* (considering social security administration guidance without comment); *Community Health Sys., Inc. v. Med. Univ. Hosp. Authority*, No. 3:20-CV-00163, 2021 WL 964047, at *6 (M.D. Tenn. Mar. 15, 2021) (noting that the Court can take judicial notice of a government website when ruling on a motion to dismiss) (collecting cases) (Richardson, J.). If Plaintiff wishes to argue in his response to the Motion to Dismiss that the Court should not consider any of these documents in ruling on the Motion to Dismiss, the Court will consider those arguments at the proper time. However, the Court does not find that their attachment (when it appears at this stage they can be considered when deciding the Motion to Dismiss) serves to convert this into a motion for summary judgment, as the Court can disregard the documents if it ultimately decides it cannot properly consider them on a motion to dismiss. *See Kajy Hill, Inc. v. Sunoco, Inc.*, No. 15-CV-12613, 2015 WL 12990680, at *2 (E.D. Mich. Oct. 15, 2015).

7

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE